UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXANDRA RALLIS, Plaintiff, v. PAVLENKO et al., Defendants. | CASE NO. 3:26-cv-05887-JNW ORDER |

Plaintiff Alexandra Rallis, proceeding pro se, sues Defendants under 42 U.S.C. § 1983, alleging they violated her Fourth and Fourteenth amendment rights when they responded to a domestic altercation involving Rallis and her partner. Dkt. No. 4. Rallis moves for service by the U.S. Marshals Service, Dkt. No. 6, and to appoint pro bono counsel, Dkt. No. 8.

Take the service motion first. Under Federal Rule of Civil Procedure 4(c)(3), the Court may order the Marshals to serve process for litigants proceeding in forma pauperis and for seamen. Rallis is neither. “Where the plaintiff has paid the filing fee, as Plaintiff has, Rule 4(c)(3) ‘vests the Court with discretion to order service’ by a U.S. Marshal.” *Segui v. Stromfors*, No. CV-24-01171-PHX-DGC, 2024 WL

3641083, at *1 (D. Ariz. July 30, 2024) (quoting *White v. King Cnty. Sheriff's Off.*, No. 2:24-CV-00618-JHC, 2024 WL 3316029, at *1 (W.D. Wash. June 14, 2024)). "'This discretion is exercised only in limited circumstances, such as when a law enforcement presence appears necessary or advisable to keep the peace or when a hostile defendant threatens injury to the process server.'" *Id.* (quoting *White*, 2024 WL 3316029, at *1).

Rallis seeks Marshal service because she has no attorney and can't serve Defendants herself. Dkt. No. 6. But lacking a lawyer is not the kind of circumstance the rule reserves for Marshal service. Rallis need not serve the defendants herself—"[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). So like any litigant who has paid the filing fee, she can hire a private process server or get someone else to effect service. And she points to nothing—no threat to a process server, no need for a law-enforcement presence—that makes the Marshals necessary here.

Accordingly, Rallis's motion for service by the U.S. Marshals is DENIED. Dkt. No. 6.

Rallis's motion to appoint pro bono counsel is next. Dkt. No. 8. The decision to request pro bono counsel rests within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (citation altered). To determine whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate [their] claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328,

1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). The factors must be viewed together, but neither factor is dispositive. *Id.* at 1331.

Rallis meets the District's threshold requirement that she first try to find counsel herself; she says she contacted about 10 attorneys and law firms without success. Dkt. No. 8; *see* General Order 06-26 § 3(b). But this is not, on the present record, one of the "exceptional" cases that warrants appointed counsel. And Rallis has not shown a likelihood of success on the merits—in fact, having reviewed the complaint, the Court can see that Rallis is likely to face strong headwinds in prosecuting her claims.

The motion is DENIED without prejudice. Dkt. No. 8. Rallis may renew it if her circumstances change.

Dated this 16th day of September, 2026.

Jamal N. Whitehead
United States District Judge